# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAZMIN NORIEGA, MAYRA A. LORA OCHOA, LORENA D. OLIVERO BARRIOS, ANA E. NARVAEZ RUIZ, and BERNARD TROLY, each individually and on behalf of all others similarly situated, | Case No. 25-cv-1262 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| PURE'S FOOD SPECIALTIES, LLC and JESUS SALAZAR, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiffs JAZMIN NORIEGA, MAYRA A. LORA OCHOA, LORENA D. OLIVERO BARRIOS, ANA E. NARVAEZ RUIZ, and BERNARD TROLY, each individually and on behalf of all others similarly situated, by and through their attorneys, Peter T. Sadelski and Edward M. Fox of Ed Fox & Associates, Ltd., bring this Complaint against Defendants PURE'S FOOD SPECIALTIES, LLC and JESUS SALAZAR, alleging as follows:

### JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because it arises under the laws of the United States, including the Federal Wiretap Act, 18 U.S.C. § 2510 et seq, and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.

2. The Court has supplemental jurisdiction over the state-law claims arising under the Illinois Human Rights Act, 775 ILCS 5/2-101 et seq., and the common law under 28 U.S.C. § 1367, because they are so related to the federal claims that they form part of the same controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred within this District.

**PARTIES**

4. At all relevant times, Plaintiffs JAZMIN NORIEGA ("Plaintiff Noriega"), MAYRA A. LORA OCHOA ("Plaintiff Lora"), LORENA D. OLIVERO BARRIOS ("Plaintiff Olivero"), ANA E. NARVAEZ RUIZ ("Plaintiff Narvaez"), and BERNARD TROLY ("Plaintiff Troly"), each individually and on behalf of all others similarly situated (collectively "Plaintiffs"), resided in Illinois and were employees as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. and the Illinois Human Rights Act, 775 ILCS 5/2-101 et seq.

5. At all relevant times, Defendant PURE'S FOOD SPECIALTIES, LLC ("Defendant Pure's") was an Illinois limited liability company engaged in the business of food production and distribution in Illinois. Defendant Pure's was Plaintiffs' employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*. At all times relevant, Defendant Pure's had at least fifteen (15) employees.

6. At all relevant times, Defendant JESUS SALAZAR ("Defendant Salazar") resided in Illinois; was a supervisor at Defendant Pure's (collectively "Defendants"),

exercising control over one or more Plaintiffs' work assignments, discipline, and/or terms and conditions of employment; and acted within the scope of his employment.

## FACTUAL ALLEGATIONS

7. At all relevant times, Plaintiffs Noriega, Lora, Olivero, and Narvaez's sex was female, and Plaintiff Troly's sex was male.

8. At all relevant times, Defendant Salazar's sex was male.

9. On multiple occasions, from approximately July 3, 2024, to approximately January 7, 2025, Defendant Salazar installed an HD Mini Wi-Fi Camera under the sink, facing the toilet, in at least one of the restrooms at Defendant Pure's Northlake, Illinois, location.

10. The HD Mini Wi-Fi Camera captured approximately thirty people with their private body parts exposed.

11. The HD Mini Wi-Fi Camera captured at least one person speaking on the phone.

12. The content captured by the HD Mini Wi-Fi Camera was wirelessly transmitted to Defendant Salazar's computer and saved onto memory cards.

13. The HD Mini Wi-Fi Camera, computer, and wireless transmitter were owned by Defendant Pure's.

14. None of the people captured by the HD Mini Wi-Fi Camera had given consent to be recorded while using the restroom.

15. Each of the people captured by the HD Mini Wi-Fi Camera had a reasonable expectation of privacy when using the restroom.

16. Defendant Pure's offered to fund Plaintiff's mental health therapy after she learned that the HD Mini Wi-Fi Camera captured her private body parts in the restroom.

17. Plaintiff Noriega accepted Defendant Pure's offer.

18. Plaintiff Noriega cross-filed sexual harassment charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on June 20, 2025.

19. Defendant Pure's stopped funding Plaintiff Noriega's mental health therapy after she filed the charges.

20. Plaintiff Narvaez cross-filed sexual harassment charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on July 11, 2025.

21. Defendant Pure's terminated Plaintiff Narvaez's employment on August 27, 2025.

22. Plaintiff Troly cross-filed sexual harassment charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on July 12, 2025.

23. Defendant Pure's terminated Plaintiff Troly's employment on July 16, 2025.

## COUNT I
## VIOLATION OF THE FEDERAL WIRETAP ACT

24. Plaintiffs hereby reassert and incorporate by reference the assertions made in paragraphs one (1) through twenty-three (23) as if explicitly restated in this count.

25. Upon information and belief, the HD Mini Wi-Fi Camera that Defendant Salazar installed in the restroom captured both audio and video.

26. Upon information and belief, the HD Mini Wi-Fi Camera captured wire, oral, and/or electronic communications of employees using the restroom.

27. Upon information and belief, the communications were transmitted to Defendant Salazar's computer.

28. Upon information and belief, the communications were stored on a memory card.

29. Upon information and belief, no one consented to having their communications intercepted.

30. Defendant Pure's is vicariously liable for the acts of Defendant Salazar because he acted within the scope of his employment and/or because Defendant Pure's knew or should have known of his actions and failed to prevent them.

31. Upon information and belief, as a direct and proximate result of Defendants' conduct, Plaintiffs suffered severe emotional distress, embarrassment, humiliation, and mental anguish, and have incurred other damages.

32. Defendants' actions were willful, wanton, and malicious, entitling Plaintiffs to punitive damages.

**COUNT II**
**SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE ILLINOIS HUMAN RIGHTS ACT**

33. Plaintiffs hereby reassert and incorporate by reference the assertions made in paragraphs one (1) through twenty-three (23) as if explicitly restated in this count.

34. Defendant Salazar's installation of an HD Mini Wi-Fi Camera and capturing Plaintiffs' private body parts while using the restroom is both subjectively and objectively offensive conduct.

35. Upon information and belief, Defendant Salzar engaged in the harassing conduct because he wanted to see either male or female private body parts.

36. Defendant Salazar's conduct was severe and/or pervasive.

37. Defendant Pure's is vicariously liable for the acts of Defendant Salazar because he acted within the scope of his employment as a supervisor and/or because Defendant Pure's knew or should have known of his actions and failed to prevent them.

38. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered emotional distress, humiliation, embarrassment, and loss of enjoyment of life, as well as other damages.

39. Defendants' actions were willful, wanton, and malicious, entitling Plaintiffs to punitive damages.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE ILLINOIS HUMAN RIGHTS ACT

40. Plaintiffs hereby reassert and incorporate by reference the assertions made in paragraphs one (1) through twenty-three (23) as if explicitly restated in this count.

41. Plaintiffs Noriega, Narvaez, and Troly filed sexual harassment charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, which are protected activities.

42. Shortly after, Defendant Pure's stopped funding Plaintiff Noriega's mental health treatment and terminated Plaintiffs Narvaez and Troly's employment, which are material adverse actions.

43. There is a causal nexus between the protected activities and the adverse actions.

44. As a direct and proximate result of Defendant Pure's conduct, Plaintiffs Noriega, Narvaez, and Troly have suffered emotional distress, humiliation, embarrassment, loss of enjoyment of life, and/or lost wages, as well as other damages.

45. Defendant Pure's actions were willful, wanton, and malicious, entitling Plaintiffs Noriega, Narvaez, and Troly to punitive damages.

## COUNT IV
## INTRUSION UPON SECLUSION IN VIOLATION OF ILLINOIS LAW

46. Plaintiffs hereby reassert and incorporate by reference the assertions made in paragraphs one (1) through twenty-three (23) as if explicitly restated in this count.

47. Defendant Salzar committed an unauthorized intrusion and/or prying into Plaintiffs' seclusion by capturing their private body parts via an HD Mini Wi-Fi Camera installed in the restroom at their workplace.

48. Defendant Salazar's intrusion was highly offensive and/or objectionable to a reasonable person.

49. The matter intruded upon was private.

50. Defendant Pure's is vicariously liable for the acts of Defendant Salazar because he acted within the scope of his employment as a supervisor and/or because Defendant Pure's knew or should have known of his actions and failed to prevent them.

51. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered emotional distress, humiliation, embarrassment, and loss of enjoyment of life, as well as other damages.

52. Defendants' actions were willful, wanton, and malicious, entitling Plaintiffs to punitive damages.

## PRAYER FOR RELIEF

53. Defendants shall pay general damages.

54. Defendants shall pay special damages.

55. Defendants shall pay Plaintiffs' attorneys' fees.

56. Defendants shall pay punitive and exemplary damages.

57. Defendants shall pay the costs of the suit herein incurred.

58. Plaintiffs shall have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

59. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: October 15, 2024

>  Respectfully submitted,
>
>  */s/ Peter T. Sadelski*
>  Peter T. Sadelski
>  Ed Fox & Associates, Ltd.
>  118 N. Clinton St., Ste. 425
>  Chicago, Illinois 60661
>  (312) 345-8877
>  petersadelski@efoxlaw.com
>  *Attorney for Plaintiffs*