**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAZMIN NORIEGA, MAYRA A. LORA OCHOA, LORENA D. OLIVERO BARRIOS, ANA E. NARVAEZ RUIZ, and BERNARD TROLY, | ) | |
| *Plaintiffs*, | ) | No. 25 C 12621 |
| v. | ) | Chief Judge Virginia M. Kendall |
| PURE'S FOOD SPECIALTIES, LLC, AND JESUS SALAZAR. | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Jazmin Noriega, Mayra Lora Ochoa, Lorena Olivero Barrios, Ana Narvaez Ruiz, and Bernard Troly filed a three-count Second Amended Complaint against Defendants Pure's Food Specialties, LLC and Jesus Salazar.Pure's Food now moves to dismiss Count I and Count II of the Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 44). For the reasons stated below, the Court grants in part and denies in part Pure's Food's Motion to Dismiss [44].

**BACKGROUND**[1]

Pure's Food, a food producer and distributor in Illinois, hired Salazar as a supervisor in the late 2010s or early 2020s. (Dkt. 43, ¶ 17). Police officers arrested Salazar in January 2025 for an unrelated charge, and discovered a mini camera, wireless transmitter, and memory card in Salazar's backpack. (*Id.* ¶ 19). Upon finding this equipment, the police asked Salazar who it

[1] The Plaintiffs have set forth the following facts in their Second Amended Complaint. [41]. The Court accepts these facts as true for purposes of the Defendant's Motion to Dismiss. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022)

belonged to, to which he replied by informing them Pure's Food owed it. (*Id.* ¶ 20). After receiving permission from Pure's Food to go through the memory card, the police discovered video footage of both men and women using the restroom. (*Id.* ¶ 22).

From July 3, 2024, to January 7, 2025, Salazar had, on multiple occasions, installed a mini camera in at least one of the restroom facilities at one of Pure's Food's buildings, located in Northlake, Illinois. (*Id.*). Salazar placed the mini camera under the bathroom sink and angled it toward the restroom's toilet. (*Id.*) He then used the camera to secretly film the genitalia of approximately thirty individuals —both men and women— including Noriega, Lora, Olivero, and Narvaez. (*Id.* ¶ 42).

While the camera captured nude footage of both men and women, the Plaintiffs allege Salazar hid the camera to record naked women; he did not intend to capture footage of men. (*Id.* ¶ 26). Salazar then transmitted the recordings to his personal computer, and allegedly only watched the videos of naked women, sexually satisfying himself to them. (*Id.* ¶¶ 24-26). The Plaintiffs claim the following instances support their contention that Salazar targeted women when he placed the camera in the restroom: he plead guilty to soliciting a female for prostitution in 2008, while employed at Gold Eagle Company in 2018, the company found a mini camera in the women's locked room, and around September of 2018, a women reported Salazar, along with other men, had non-consensual intercourse with her.

The Plaintiffs, while working at Pure's Food, learned of Salazar's actions, as they did not have previous knowledge of the hidden camera in the bathroom. (*Id.* ¶ 31). Pure's Food, in response to the incident, offered to pay for Noriega's mental health therapy; Noriega accepted its offer. (*Id.* ¶¶ 32, 33). Noriega subsequently cross-filed sexual harassment charges against Pure's Food with the Illinois Department of Human Rights ("IDHR") and the Equal Employment

Opportunity Commission ("EEOC"). (*Id.* ¶ 34). After Noriega filed these sexual harassment charges, Pure's Food stopped paying for her mental health therapy. (*Id.* ¶ 35). Narvaez and Troly also cross-filed sexual harassment claims against Pure's Food with the IDHR and the EEOC. (*Id.* ¶¶ 36-39). Sometime after filing these claims, Pure's Food terminated Narvaez and Troly's employment. (*Id.*)

In response to Salazar's actions and Pure's Food's alleged retaliation, the Plaintiffs filed a complaint with the Court on October 15, 2025. (Dkt. 1). The Plaintiffs amended the Complaint on February 12, 2026. (Dkt. 8). Pure's Food filed a Motion to Dismiss [26] for failure to state a claim. The Court granted in part and denied in part Pure's Foods's Motion to Dismiss. (Dkt. 38). The Plaintiffs then filed a Second Amended Complaint [41] alleging a violation of Title VII of the Civil Rights Act ("Title VII") and the IHRA (Count I); retaliation in violation of Title VII and the IHRA (Count II); and Intrusion upon Seclusion in violation of Illinois law (Count III). In response, Pure's Food filed the instant Rule 12(b)(6) Motion to Dismiss Count I and Count II of Plaintiffs' Second Amended Complaint for failure to state a claim. (Dkt. 44).

## **LEGAL STANDARD**

"To survive a Federal Rule of Civil Procedure Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *G.T. by & through Hanlon v. Samsung Elecs. Am., Inc.*, 186 F.4th 470, 474 (7th Cir. 2026) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "That said, 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'"

*Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

For purposes of a Rule 12(b)(6) motion, the Court accepts all well-plead facts as true and draws all inferences in favor of the non-moving party. *Gociman*, 41 F.4th at 881. The bar to survive a motion to dismiss is not high, as "dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (cleaned up).

## DISCUSSION

Pure's Food's moves to dismiss Count I – sexual harassment under Title VI and the IHRA – and Count II – retaliation under Title VI and the IHRA – of the Plaintiffs' Second Amended Complaint. Pure's Food argues that the Plaintiffs failed to state a claim for sexual harassment and retaliation under Title VII and the IHRA. The Court finds that the Plaintiffs fail to state a claim for sexual harassment under Title VII and the IHRA. The Plaintiffs, however, properly pleaded a claim for retaliation.

### I. Sexual Harassment (Title VII and the IHRA)

In Count I, the Plaintiffs bring a sexual harassment claim against the Defendants in violation of Title VII and the IHRA. (Dkt. 41, ¶¶ 41-7). They allege Salazar violated Title VII and the IHRA when he filmed the Plaintiffs, unknowingly, using the bathroom, and later, watched videos of the women he recorded to sexually gratify himself. (*Id.*) Because Pure's Food hired Salazar, the Plaintiffs argue the Court should hold it vicariously liable for Salazar's conduct. (*Id.*) Pure's Food, in response, argues that the Plaintiffs fail to sufficiently allege Salazar's actions took place "on the basis of sex." (Dkt. 44 at 2). Pure's Food, furthermore, claims that because the

Plaintiffs did not have knowledge of the harassing conduct while employed at Pure's Food, they cannot hold the company liable. (*Id.*)

Title VII and the IHRA prohibit sexual harassment in the workplace. *See* 42 U.S.C. § 2000e-2(a)(1); 775 ILCS 5/2-102(D); *Sanchez v. El Milagro, Inc.*, 176 F.4th 961, 968 (7th Cir. 2026). To determine the viability of a sexual harassment claim, courts in this district and in Illinois apply the same analytical standard. *Sanchez*, 176 F.4th at 968. To state a claim for sexual harassment under Title VII or the IHRA, the plaintiff must show "(1) her work environment was objectively and subjectively offensive, (2) the harassment she complained of was based on her gender, (3) the conduct was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment, and (4) there is a basis for employer liability." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 880 (7th Cir. 2018); *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018).

Pure's Food does not dispute the first and fourth elements. (Dkt. 45). Regarding the first element, Pure's Food does not contest that Salazar acted in an objectively and subjectively offensive manner. (*Id.*) For the fourth element, the Court previously held, and reiterates once more, that the Plaintiffs "have sufficiently alleged a basis for employer liability at this stage." (Dkt. 38). Pure's Food, does however, challenge the second and third elements of the Plaintiffs' sexual harassment claim. (Dkt. 45).

**a. "On the basis of Sex"**

Plaintiffs' harassment claim fails for insufficiently pleading that the sexual harassment took place because of the Plaintiffs' sex. Title VII and the IHRA prohibit harassment "because of" or "on the basis of" an individual's sex. 42 U.S.C.A. § 2000e-2(a); 775 ILCS 5/2-101(E-1). Pure's Food relies on the "equal opportunity harasser" doctrine to support its contention that the Plaintiffs

failed to establish Salazar sexually harassed them because of their sex. (Dkt. 45). Under this doctrine, a defendant who harasses both genders has not violated Title VII; "Title VII does not cover the "equal opportunity" or "bisexual" harasser, [] because such a person is not *discriminating* on the basis of sex. He is not treating one sex better (or worse) than the other; he is treating both sexes the same (albeit badly)." *Holman v. Indiana*, 211 F.3d 399, 403 (7th Cir. 2000); *see also Hess v. Garcia*, 72 F.4th 753, 761 (7th Cir. 2023).

The Court previously dismissed the Plaintiffs' sexual harassment claim under the equal opportunity harasser doctrine, [38] and does so once more; the doctrine still applies to the Plaintiffs' sexual harassment claims. The Plaintiffs believe the equal opportunity harasser doctrine does not protect Pure's Food because (1) the Plaintiffs allege Salazar targeted woman and (2) the Court should reconsider *Holman*. (Dkt. 52 at 7-9). The Court addresses the latter argument first, as it easily dismisses it. *Holman* remains binding precedent in this circuit, and thus, the Court must follow it. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not [it] agree[s] with them, so [too must] district judges [] follow the decisions of [the Seventh Circuit] whether or not they agree.").

Turning to the former argument, the Plaintiffs do not sufficiently allege that Salazar targeted woman. First, the Plaintiffs reiterate that Salazar intended to record naked women and sexually gratified himself when watching the recorded footage of women, not men. (Dkt. 52 at 3-4). The Court rejected this argument in its previous Order, holding that the "Plaintiffs' theory depends on speculation about Salazar's subjective intentions and use of the recordings, rather than well-pleaded facts," so the Court did not have to accept them as true. (Dkt. 38 at 2). The Court's

position has not changed. It rejects the Plaintiffs' argument once more as mere speculation about Salazar's intent and actions cannot form the basis of stating a plausible claim for relief. *Lanahan v. Cnty. of Cook*, 41 F.4th 854, 862 (7th Cir. 2022).

The Plaintiffs allege additional facts in their Second Amended Complaint to support their sex-based harassment claim. The Plaintiffs claim Salazar targeted woman for the following reasons: he previously plead guilty to soliciting prostitution in a case involving a female, a female employee found a mini camera in the women's locker room at Salazar's previous place of employment, an unidentified woman reported Salazar for drugging her and engaging in non-consensual sex, and an officer had arrested and charged Salazar with allegedly sexually assaulting a minor female. (Dkt. 43 ¶¶ 7-18). Based on these facts, the Plaintiffs argue that Salazar treated women worse than men as he intended to film and watch the women caught on camera, not the men. (Dkt. 52 at 3-7).

Even accepting these allegations as true, the Plaintiffs' arguments miss the mark. Salazar's harassing conduct took place when he filmed individuals in the restroom without their consent; the harassing conduct has nothing to do with Salazar's sexual desires. Salazar harassed *both sexes* when he filmed men and women without their consent in the bathroom. *Pasqua v. Metropolitan Life Ins. Co.*, 101 F.3d 514, 517 (7th Cir. 1996) ("Harassment that is inflicted without regard to gender, that is, where males and females in the same setting do not receive disparate treatment, is not actionable because the harassment is not based on sex."); *Holman*, 211 F.3d at 405 (quoting *Holman v. Indiana*, 24 F. Supp. 2d 909, 915 (N.D. Ind. 1998), *aff'd,* 211 F.3d 399 (7th Cir. 2000)) (upholding district court determination that plaintiff cannot claim "*discrimination* because they had alleged that their supervisor had been sexually harassing *both [genders]* by soliciting sex from

each of them," since "'neither was subjected to disadvantageous terms or conditions of employment to which members of the other sex were not exposed.'").

Because the Plaintiffs failed to establish the harassment they experienced took place because of their sex, the Court grants Pure's Food Motion to Dismiss on Count I with prejudice.

#### b. Severe and Pervasive Conduct

The Plaintiffs, as they did before, satisfy their burden for the severe and pervasive conduct requirement at the motion to dismiss stage. (Dkt. 38). To sufficiently allege a sexual harassment claim under Title VII or the IHRA, a plaintiff must plead that "the conduct was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment[.]" *Swyear*, 911 F.3d at 880. Pure's Food argues that the Plaintiffs cannot establish that they experienced severe and pervasive conduct because they did not know about Salazar's actions until his employment at Pure's Food terminated. (Dkt. 45 at 10). As previously stated [38], the Court does not need to make this determination at the pleading stage; "it is premature at the pleadings stage to conclude just how abusive [the plaintiff's] work environment was." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). Rather, the Plaintiffs, by alleging Salazar non-consensually recorded them in the bathroom, have provided sufficient facts to establish the *plausibility* of a severe and pervasive work environment. *Id.*

### II. Retaliation (Title VII and the IHRA)[2]

The Plaintiffs, in Count II, allege Pure's Food violated Title VII and the IHRA when they suffered adverse employment action after they filed sexual harassment charges against Salazar and Pure's Food. (Dkt. 41). Pure's Food asserts the Court should dismiss the Plaintiffs' retaliation

[2] Even though the Court dismisses Plaintiffs' sexual harassment claim, their retaliation claim remains viable. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013) (quoting *Dey v. Colt Const. & Dev. Co.,* 28 F.3d 1446, 1458 (7th Cir.1994)) (a plaintiff "need not succeed on her sexual harassment claim to make out a prima facie case of retaliatory discharge.").

claim because they failed to establish a causal nexus between filing charges against Salazar and Pure's Food and subsequent adverse employment actions. (Dkt. 45 at 12).

Courts analyze Title VII and IHRA retaliation claims under the same framework. *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021) ("Illinois courts assessing retaliation claims under the Illinois Human Rights Act have adopted the framework governing Title VII retaliation claims."); *see Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016). For a retaliation claim, the "plaintiff must plausibly allege three elements: a statutorily protected activity, a materially adverse employment action, and a causal connection between the two." *Id.* Pure's Food does not dispute that the Plaintiffs engaged in a statutorily protected activity, nor do they dispute that the Plaintiffs experienced adverse employment action. (Dkt. 45 at 12-15).

Rather, Pure's Food, challenges the Plaintiffs ability to sufficiently plead causation. (*Id.* at 13). According to Pure's Food, the Plaintiffs do not establish causation because they did not allege that Pure's Food had knowledge of their protected activity and the facts in the Second Amended Complaint cannot support this inference. (*Id.* at 14). "A pleader's responsibility [however,] is to state a claim for relief that is plausible on its face. Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen.'" *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015) (quoting *Swanson v. Citibank, N.A.,* 614 F.3d 400, 405 (7th Cir. 2010)). The Plaintiffs plausibly allege a causal nexus between their protected employment activity and consequent adverse employment action.

The Plaintiffs state that they cross-filed sexual harassment charges against Pure's Food with the IDHR and the EEOC. (Dkt. 41 ¶¶ 32-39). After they filed these charges, the Plaintiffs contend they suffered adverse action when Pure's Food refused to fund Noriega's mental health

treatment and Navarez and Troly lost their jobs. (*Id.*); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) (holding that plaintiff alleged enough facts to establish a causal link in a retaliation claim when she alleged she filed a discrimination complaint with the EEOC and listed specific adverse employment actions she experienced *after* she filed a discrimination charge); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (recognizing that "a retaliation claim can indeed be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013) ("Even at the summary judgment stage, which requires more from the plaintiff than the pleading stage, '[t]o establish a *prima facie* case of retaliation, an employee need not present proof of a causal link between the protected expression in which the plaintiff engaged (as by filing a complaint about an unlawful act by his employer) and the adverse employment action of which he is complaining.'") (quoting *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 897 (7th Cir. 2003)).

The Plaintiffs' Second Amended Complaint sufficiently alleges causation. The Court, therefore, denies Pure Food's motion to dismiss with respect to Count II of the Plaintiffs' Second Amended Complaint.

**CONCLUSION**

The Court grants in part, and denies, in part Pure Food's Motion to Dismiss [44].

Virginia M. Kendall
United States District Judge

Date: October 9, 2026